THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 09-cv-480

| | | |
|---|---|---|
| Jacob Martin, III | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Complaint** |
| | ) | |
| Sessoms & Rogers, P.A. | ) | **Jury Trial Demanded** |
| Unifund CCR Partners | ) | |
| **Defendants.** | ) | |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et seq*. which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and for the torts of malicious prosecution and abuse of process. The Plaintiff, Jacob Martin (hereinafter "Mr. Martin"), by and through his undersigned attorney, sues the Defendants, Sessoms & Rogers, P.A. (hereinafter "Defendant S&R") and Unifund CCR Partners (hereinafter "Unifund") and their agents for their illegal efforts to collect a consumer debt from Mr. Martin.

The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any consumer; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g. When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate

abusive and deceptive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). Mr. Martin, by and through his undersigned attorney, sues the Defendants, and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367. This Court has supplemental jurisdiction over the state law claims as they arise from a common nucleus of operative facts.

2. This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Mr. Martin.

3. Venue is proper in this District because the acts and transactions occurred here, Mr. Martin resides here, and Defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within the statute of limitations for torts.

## PARTIES

5. Mr. Martin is a natural person who resides in the City of Fayetteville, County of Cumberland, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

6. Defendant S&R is a corporation organized under the laws of the State of North Carolina.

7. Defendant S&R is located at 3326 Chapel Hill Boulevard, Suite A-200, Durham, North Carolina.

8. Defendant S&R is a law firm.

9. Defendant S&R is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

10. Defendant S&R regularly attempts to collect consumer debts alleged to be due to another.

11. Defendant S&R was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Defendant Unifund CCR Partners (hereinafter "Defendant Unifund") is, upon information and belief, a New York Partnership, with a principal office and place of business operating from 10625 Techwoods Circle, Cincinnati, Ohio, 45242 that is engaged in the business of collecting debts alleged to be due another in this state.

13. Defendant Unifund is, according to its website, a purchaser of distressed debt.

14. Defendant Unifund is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

15. Defendant Unifund regularly attempts to collect consumer debts alleged to be due to another.

16. Defendant Unifund was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

17. Defendant Unifund's status as a debt collector renders Defendant Unifund liable for Defendant S&R's and its employees' violations of the FDCPA when collecting on Unifund's accounts.

18. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. Mr. Martin is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

20. The purported debt, the validity of which Mr. Martin disputes,[1] was a personal credit account, and was incurred primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

21. Mr. Martin disputed the alleged debt even when it was in the hands of the original creditor, *i.e.* allegedly Citibank.

22. After the dispute went unresolved between Mr. Martin and Citibank, the account fell into arrears.

23. The account was allegedly placed, sold, or otherwise transferred to Defendant Unifund for collection.

24. Defendant S&R, on behalf of its client, Defendant Unifund, filed a debt collection lawsuit against Mr. Martin in Cumberland County District Court in North Carolina, with the caption of Unifund CCR Partners v. Jacob Martin, 06-CVD-3232 (hereinafter the "collection lawsuit").

---

[1] The collection lawsuit is currently scheduled for trial in Cumberland County District Court on December 7, 2009.

25. In the collection lawsuit, Defendant Unifund obtained an Entry of Default and Default Judgment (hereinafter "the Judgment") against Mr. Martin on June 28, 2006, by applying to the clerk of court under N.C. R. Civ. P. 55.

26. On January 8, 2008, Mr. Martin filed his claim for statutory exemptions pursuant to his rights under North Carolina law, N.C. Gen. Stat. §§ 1C-1601 *et seq.*.

27. Mr. Martin claimed a house, located at 6341 Kincross Avenue, Fayetteville, North Carolina, as exempt under North Carolina law.

28. Defendant Unifund, by and through its attorney, Defendant S&R, issued and/or caused to have issued, a Writ of Execution on September 15, 2008.[2]

29. On that same day, the assistant clerk of court entered an Order Designating Exempt Property.

30. The Order designated Mr. Martin's house located at 6341 Kincross Avenue, Fayetteville, North Carolina, as <u>exempt</u> from execution.

31. As designated property ordered exempt by law, Mr. Martin's house was protected from any forced seizure or sale and Defendants knew or should have known that.

32. Whereupon, two weeks after the house was ordered exempt, on or about September 29, 2008, Defendant S&R filed an Objection to Mr. Martin's exempted property.

33. North Carolina's Gen. Stat. § 1C-1603(e)(7) provides that
> [i]f the judgment creditor objects to the schedule filed or claimed by the judgment debtor, the clerk must place the motion for <u>hearing by the district court judge</u>, without a jury, at the next civil session (emphasis added).

34. A hearing on Mr. Martin's exempted property was never held and Defendants knew or should have known that.

---

[2] The facts are unclear at this point; however, there was an earlier attempt by Defendants to execute on Mr. Martin's house in late Fall 2006 and early Spring 2007.

35. With the knowledge that their objection to Mr. Martin's exemptions had not been heard, Defendants proceeded with a sheriff's execution sale on Mr. Martin's lawfully exempted house on November 5, 2008 and acted under color of law in doing so.
36. Upon information and belief, when the sale had no bidder on November 5, 2008, sheriff employees and/or agents contacted Defendant S&R, and asked Defendant S&R if they should continue with the sale.
37. Upon information and belief, when a sheriff's sale is postponed, the decision to offer property for sale again by the sheriff's office is made by the judgment creditor, or the attorney acting on their behalf.
38. Upon information and belief, an employee and/or agent of Defendant S&R gave the approval to execute on Mr. Martin's house again when they knew or should have known it was lawfully exempt and the required hearing had not been held and acted under color of law in doing so.
39. Again, Defendants misrepresented that the sheriff's sale could continue on November 12, 2008, knowing that their objection had not been heard and adjudicated by the court and acted under color of law in doing so.
40. The sheriff's office held another execution sale on November 12, 2008.
41. There was only one bidder.
42. To obtain the bid, the sheriff's deputy went as low as the amount of the judgment.
43. The bid was for approximately one-tenth of the tax value of the house: $7,145.75.
44. The sale on November 12, 2008 happened without any additional notice to Mr. Martin.
45. The only way Mr. Martin found out about the November 12th sale was when an employee from the successful bidder's attorney's office called him on or about November 18, 2008 and informed him that his house had been sold at auction.
46. Upon information and belief, when a sale does not transpire, for whatever reason, the sheriff's office will contact the attorney's office (or judgment creditor) that submitted the writ of execution and ask if they would like the sheriff's office to attempt another sale.

47. Upon information and belief, the above procedure occurred in the instant case and Defendants negligently and/or intentionally directed the Sheriff's Office to proceed with the sale again when they knew or should have known they had no legal right to do so and acted under color of law in doing so.

48. Defendants knew or should have known that Mr. Martin's constitutional and statutory rights were being violated but decided to proceed with the execution sale regardless, in a joint and intentional attempt, to deprive Mr. Martin of his property without due process of law and acted under color of law in doing so.

49. Defendants also knew or should have known that until the judge sustained their objections to Mr. Martin's exemptions, the house remained lawfully exempted by court order.

50. Defendants intended to defraud Mr. Martin of his property by instructing the sheriff's office to conduct the execution sale and acted under color of law in doing so.

51. On or about November 21, 2008, Mr. Martin, by and through counsel, applied for and received a restraining order from the Cumberland County District Court to prevent any further steps by Defendants to confirm the execution sale.

52. On or about November 26, 2008, Mr. Martin brought a declaratory judgment action, against Defendants, the Cumberland County Sheriff, and the Cumberland County Clerk of Court seeking to have his rights under the exemption statute judicially declared.

53. In filing for declaratory judgment, Mr. Martin also sought further injunctive relief to prevent confirmation of the November 12th sheriff's sale. The declaratory judgment action has since been voluntarily dismissed.

54. On or about November 26, 2008, Mr. Martin, by and through counsel, sought and received an extension of the restraining order until the next civil session of district court on December 10, 2008.

55. The Cumberland County District Court held a hearing during the civil session held December 10, 2008.

56. During the hearing, it became evident to all that Defendants were without legal right to execute on Mr. Martin's house and the sheriff's sale was essentially

canceled. The bidder was relieved from performance and her bid money was refunded to her.

57. There never was a hearing on Mr. Martin's exemptions.

58. Eventually, the underlying judgment against Mr. Martin was set aside for lack of subject matter jurisdiction in that the clerk of court did not possess authority under N.C. R. Civ. P. 55 to issue the default judgment against Mr. Martin and Defendants' objection to Mr. Martin's exemption became moot.

59. In an effort to prevent the Defendants from confirming the sheriff's sale, Mr. Martin had to retain an attorney and obtain a restraining order.

60. Defendants also knew or should have known that Mr. Martin's house remained exempted by order of the Clerk of Court until a judge sustained their objection if Defendants had conducted the necessary research that Defendants failed to do and incurred special damages.

61. Defendants did not have probable cause to file the writ of execution on Mr. Martin's lawfully exempted house and Defendants filed the writ of execution against Mr. Martin with malice, resulting in injury and damage to Mr. Martin and Defendants did all this under color of law.

62. Mr. Martin was highly embarrassed by the placing of a large sheriff's sale execution sign placed prominently at his lawfully exempted house.

63. For almost a month, Mr. Martin suffered from sleeplessness, loss of appetite and feelings of anger and despair until the sheriff's sale on his lawfully exempted house was resolved.

64. Mr. Martin's emotions were heightened because of the length and intensity of the dispute over his Citibank account.

65. The actions of Defendants increased his anger at the judicial system over the events that occurred in the collection action in 2006.

66. Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Mr. Martin and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Mr. Martin or deliberately proceeded to act with indifference to the high probability of injury to Mr. Martin by executing on Mr. Martin's lawfully exempted house when they knew

or should have known the house was ordered by the court as exempt and they continued with the execution sale, not once but <u>twice</u> and Defendants did all this under the color of law.

67. Defendants executed on the judgment against Mr. Martin for an ulterior purpose which was not proper in the regular course of the proceeding because they had no legal right to sell a lawfully exempted house at a sheriff's sale. Defendants knew or should have known it was illegal to execute on exempt property but they went forward in an attempt to deprive Mr. Martin of his house illegally and by continuing with the proceedings and opposing Mr. Martin's efforts to unwind the sale, arguing vehemently that they had a right to execute when, in fact and in law, they did not.

68. Even after it was brought to their direct attention, Defendants continued in their efforts and only stopped when expressly directed by the district court judge in open court during the civil session held December 10, 2008.

69. Mr. Martin suffered special damages by having to post a bond for $100.00 while a temporary restraining order was in place even though there was no legal right for Defendants to sell his house at Sheriff's sale.

70. During the time that he did not possess the $100.00 bond money, he was deprived of using his money for whatever he desired.

71. Mr. Martin suffered special damages by way of attorney fees and court costs by having to retain an attorney and file a declaratory judgment action to secure his rights and prevent the confirmation of the sale of his lawfully exempted house not to mention that Defendants' actions also placed a cloud on his title to the illegally seized real property which was exempt from execution.

72. Additionally, Mr. Martin suffered special damages in the form of legal fees and court fees totaling a discounted $10,000.00 for which he is still making payments and still being deprived of the freedom to use his property as he sees fit.

73. Mr. Martin suffered anger, frustration, emotional distress, mental anguish and distress and incurred attorney's fees and other expenses for the state court action and this action as a direct and proximate result of Defendants' actions.

74. Defendants' officers, directors, and/or managers participated in or condoned the representations made to the sheriff's office authorizing execution on Mr. Martin's exempt property and Defendants did all this under color of law.

75. It is unconscionable, unfair, abusive and malicious to execute on exempt property that Defendants knew or should have known was exempt if Defendants had conducted the necessary research that Defendants failed to do.

76. Defendants' illegal collection efforts and torts are highly upsetting to Mr. Martin.

77. Mr. Martin has suffered actual damages as a result of the illegal collection activities and torts by these Defendants in the form of sleeplessness, anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as incurring legal fees and costs in defense of the state court action and in pursuing this action.

## TRIAL BY JURY

78. Plaintiff Jacob Martin is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq*.

79. Plaintiff Jacob Martin incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692f(6) amongst others.

## COUNT II.

## MALICIOUS PROSECUTION

81. Plaintiff Jacob Martin incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. By their actions, Defendants have committed the tort of malicious prosecution.

## COUNT III.

## ABUSE OF PROCESS

83. Plaintiff Jacob Martin incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. By their actions, Defendants have committed the tort of abuse of process.

## COUNT IV.

## CONSTITUTIONAL VIOLATION

85. Plaintiff Jacob Martin incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. By their actions, Defendants have violated 42 U.S.C. § 1983 for seizing and selling Mr. Martin's exempt property without due process of law as guaranteed to Mr. Martin by the 14th Amendment to the U.S. Constitution.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant jointly and severally;

2. for an award of statutory damages of $1,000.00 per violation from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 42 U.S.C. and 42 U.S.C. § 1983 from each and every Defendant jointly and severally;

4. for general, special, and punitive damages in amount to be proved at trial from each and every Defendant jointly and severally for violation of 42 U.S.C. § 1983:

5. for general, special, and punitive damages in amount to be proved at trial from each and every Defendant jointly and severally for the torts of malicious prosecution and/or abuse of process;

6. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally;

7. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 4th day of November, 2009.

                                MARTIN ATTORNEY AT LAW, PLLC


                By:     /s/Angela O. Martin
                        Angela O. Martin, Esq.
                        NC Bar 34951
                        Attorney for Plaintiff
                        Martin Attorney at Law, PLLC
                        1911 Keller Andrews Road
                        Sanford, North Carolina  27330
                        (919) 708-7477, FAX: (888) 872-4232
                        angela@angelamartinlaw.com