THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-cv-480-D

| | |
|---|---|
| **Jacob Martin, III** ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Amended Complaint** |
| ) | |
| **Sessoms & Rogers, P.A.** ) | **Jury Trial Demanded** |
| **Unifund CCR Partners** ) | |
| **Defendants.** ) | |

## INTRODUCTION

Now, prior to the service of a responsive pleading comes Jacob Martin ("Mr. Martin"), plaintiff in this action, and amends his complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a) by striking the Complaint (D.E. #1) in its entirety and replacing it with this his Amended Complaint. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et seq*. which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Defendant Sessoms & Rogers, P.A. ("Defendant S&R") also acted under color of state law and denied Mr. Martin of his federally secured rights, thereby subjecting itself to liability under 42 U.S.C. § 1983.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).

Mr. Martin, by and through his undersigned attorney, complains of Defendant S&R and Defendant Unifund CCR Partners (hereinafter "Defendant Unifund"), alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367.

2. This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Mr. Martin.

3. The relevant statutes at issue are N.C. Gen. Stat. §§ 1C-1601 *et seq.*, providing for express procedures for a judgment debtor to exempt property and N.C. Gen. Stat. §§ 1-339.41 *et seq.*, mandating the procedures to follow to conduct an Execution Sale.

4. This action arises out of Defendants' sale of Mr. Martin's real estate without due process of law.

5. The pertinent statutes violate due process by providing rights and notifications to one party and denying the other party equal rights and notice under the law.

6. Venue is proper in this District because the acts and transactions occurred here, Mr. Martin resides here, and Defendants transact business here.

7. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within the statute of limitations for torts.

## PARTIES

8. Mr. Martin is a natural person who resides in the City of Fayetteville, County of Cumberland, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

9. Defendant S&R is a corporation organized under the laws of the State of North Carolina.

10. Defendant S&R is located at 3326 Chapel Hill Boulevard, Suite A-200, Durham, North Carolina.

11. Defendant S&R is a law firm.

12. Defendant S&R is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

13. Defendant S&R regularly attempts to collect consumer debts alleged to be due to another.

14. Defendant S&R was, at all times giving rise to this cause of action, a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant Unifund is, upon information and belief, a New York Partnership, with a principal office and place of business operating from 10625 Techwoods Circle, Cincinnati, Ohio, 45242 that is engaged in the business of collecting debts alleged to be due another in this state.

16. Defendant Unifund is, according to its website, a purchaser of distressed debt.

17. Defendant Unifund is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

18. Defendant Unifund regularly attempts to collect consumer debts alleged to be due to another.

19. Defendant Unifund was, at all times giving rise to this of cause action, a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

20. Defendant Unifund's status as a debt collector renders Defendant Unifund liable for Defendant S&R's and its employees' violations of the FDCPA when collecting on Unifund's accounts.

21. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

22. Mr. Martin is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

23. The purported debt, the validity of which Mr. Martin disputes,[1] was a personal Citibank credit card account, and was incurred primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

---

[1] The collection lawsuit is currently scheduled for trial for the fourth time in Cumberland County District Court on February 2, 2010.

24. Mr. Martin disputed the account even when it was in the hands of the original creditor, Citibank.

25. After the dispute went unresolved between Mr. Martin and Citibank, the account fell into arrears.

26. The account was allegedly placed, sold, or otherwise transferred to Defendant Unifund for collection.

27. Defendant S&R, on behalf of its client, Defendant Unifund, filed a debt collection lawsuit against Plaintiff in Cumberland County District Court in North Carolina, with the caption of Unifund CCR Partners v. Jacob Martin, 06-CVD-3232 (hereinafter the "collection lawsuit").

28. In the collection lawsuit, Defendant Unifund obtained an Entry of Default and Default Judgment (hereinafter "the Judgment") against Mr. Martin on June 28, 2006, by applying to the clerk of court under N.C. R. Civ. P. 55.

29. On January 8, 2008, Mr. Martin filed his claim for statutory exemptions pursuant to his rights under North Carolina law, N.C. Gen. Stat. §§ 1C-1601 *et seq.*.

30. Mr. Martin listed the real property that is the subject of this lawsuit, located at 6341 Kincross Avenue, Fayetteville, North Carolina, as exempt pursuant to his rights under North Carolina law, N.C. Gen. Stat. §§ 1C-1601 *et seq.*.[2]

31. Defendant Unifund by and through its attorney, Defendant S&R, issued and/or caused to have issued, a Writ of Execution on September 15, 2008.[3]

32. On that same day, the Assistant Clerk of Court entered an Order Designating Exempt Property.

33. The Order designated Mr. Martin's house located at 6341 Kincross Avenue, Fayetteville, North Carolina, as "exempt" from execution.

34. Upon information and belief, the sheriff's office faxed a copy of Plaintiff's Notice of Exempt Property to Defendant S&R on September 22, 2008.

---

[2] The real property itself is an out-of-service rental property which is able to be lawfully exempted under the applicable statutes depending on Mr. Martin's other permissible exemptions.

[3] The facts are unclear at this point; however, there was an earlier attempt by Defendants to execute on Mr. Martin's house in late Fall 2006 and early Spring 2007.

35. There are handwritten notations on the Clerk's Order in the court file that are from an unidentified source, but upon information and belief, the source is an agent or employee of Defendant S&R.

36. Defendants knew or should have known that, as property ordered exempt, Mr. Martin's house was protected from any forced seizure or sale.

37. Whereupon, two weeks after the house was ordered exempt, on or about September 29, 2008, Defendant S&R filed an Objection to Mr. Martin's exempted property.

38. North Carolina's Gen. Stat. § 1C-1603(e)(5) provides the judgment creditor with ten (10) days, from the date served with a motion and schedule of exemptions, to file an objection to the judgment debtor's schedule of exemptions.

39. North Carolina's Gen. Stat. § 1C-1603(e)(6) provides that

> [i]f the judgment creditor files no objection to the schedule filed by the judgment debtor … the clerk shall enter an order designating the property allowed by law and scheduled by the judgment debtor as <u>exempt</u> property (emphasis added).

40. North Carolina's Gen. Stat. § 1C-1603(e)(7) further provides that

> [i]f the judgment creditor objects to the schedule filed or claimed by the judgment debtor, the clerk must place the motion for <u>hearing by the district court judge</u>, without a jury, at the next civil session (emphasis added).

41. The clerk failed to schedule a hearing on Defendant S&R's objections to Mr. Martin's exempted property.

42. Under color of law, Defendant S&R proceeded with a sheriff's execution sale on Mr. Martin's lawfully exempted house on November 5, 2008 thereby depriving Mr. Martin of due process of law.

43. On November 5, 2008, Defendant S&R under color of law directed the sheriff to sell Mr. Martin's house notwithstanding having actual notice that the property was listed as exempt on a relevant court order and thereby deprived Mr. Martin due process of law.

Page **5** of **13**

Case 5:09-cv-00480-D   Document 16   Filed 02/01/2010   Page 5 of 13

44. Defendant S&R committed this act with the knowledge that the requisite hearing on Mr. Martin's exemption had not been held.

45. The unilateral, unbridled power of Defendant S&R as a judgment creditor under North Carolina law provides the basis for this lawsuit.

46. North Carolina law provides for specific procedures when selling a judgment debtor's property at public sale. N.C. Gen. Stat. §§ 1-339.41 *et seq.*

47. For the November 5, 2008 execution sale, the sheriff's office posted a notice of the public auction at the courthouse, on the pertinent property in a large sign with bold red letters indicating November 5, 2008, and mailed a notification letter to Mr. Martin.

48. The provisions of North Carolina's Gen. Stat. §§ 1-339.58 acknowledge that an execution sale may be postponed.

49. North Carolina's Gen. Stat. § 1-339.58 provides, in relevant part that:

> (a) The sheriff may postpone the sale to a day certain not later than six days, exclusive of Sunday, after the original date for the sale: (1) When there are no bidders, (2) When, in the sheriff's judgment, the number of prospective bidders at the sale is substantially decreased by inclement weather or by any casualty, (3) When there are so many other sales advertised to be held at the same time and place as to make it inexpedient and impracticable, in the sheriff's judgment, to hold the sale on that day, (4) When the sheriff is unable to hold the sale because of illness or for other good reason, or (5) When other good cause exists.
>
> (b) Upon postponement of a sale, the sheriff shall: (1) At the time and place advertised for the sale, publicly announce the postponement of the sale; and (2) On the same day, attach to or enter on the original notice of sale or a copy of the notice, posted as provided by G.S. 1-339.52 in the case of real property or G.S. 1-339.53 in the case of personal property, a notice of the postponement.
>
> (c) The posted notice of postponement shall: (1) State that the sale is postponed, (2) State the hour and date to which the sale is postponed, (3) State the reason for the postponement, and (4) Be signed by the sheriff.

50. When a sheriff's sale is postponed, the decision to offer the property for sale again by the sheriff's office is made by the judgment creditor, or the attorney acting on their behalf.

51. The statute, as written, is ambiguous in that it does not expressly provide that <u>all</u> posted notices shall indicate information pertaining to the postponement.

52. The statute, as written, is unlawful in that it does not expressly require notification of the postponement to be given to the judgment debtor.

53. Because there were no bidders on November 5, 2008, the sheriff's office contacted Defendant S&R to inquire whether Defendant S&R wanted to postpone the sale until November 12, 2008.

54. Defendant S&R possessed knowledge of the fact that Mr. Martin's house was exempted by court order, that their objection had not yet been heard in District Court, that the sale would be procedurally improper and yet, under color of law, directed the sheriff to conduct the unlawful sale that resulted on November 12, 2008.

55. North Carolina General Statute §§ 1-339.41 *et seq.* permits notification of a postponement of the sheriff's sale to be at the absolute discretion of one party, without notification to the opposing party and, thus, is fraught with notice and due process concerns implicating the XIV Amendment of the Constitution of the United States and Article 1 § 19 of the North Carolina Constitution, thereby violating the federal and state rights of the unnoticed party and violated Mr. Martin's right to be free from an unlawful sale of his home by a private person with the assistance of the sheriff's office, a state actor.

56. The sheriff's office posted a notice of postponement of the sale in the area designated in the county court house.

57. The sheriff's office did not post notice of the postponement of the sale at the property itself, leaving the November 5, 2008 sign in place and intact giving the impression that no future sale was planned - at which numerous bidders could attend resulting in *inter alia* a commercially unreasonable sale.

58. The sheriff's office held another execution sale on November 12, 2008; there was only one

bidder.

59. Neither Defendant S&R nor the sheriff's office notified Mr. Martin or his attorney and informed him about the postponement of the sale and the impending sale on November 12, 2008.

60. Under color of law, Defendant S&R deprived Mr. Martin of his property without due process of law.

61. Defendant S&R, with the sheriff's office conducting the sale, assumed a public function that has been traditionally the exclusive prerogative of the State. It was the District Court judge's right and power to settle the dispute at mandated hearing.

62. To obtain the bid, the sheriff's deputy went as low as the amount of the judgment; there was only one bidder.

63. The bid was for approximately one-tenth of the tax value of the house: $7,145.75.

64. Mr. Martin learned of the November 12, 2008 sale when an employee from the firm conducting the real estate closing called him on or about November 18, 2008 and informed him that his house had been sold at auction.

65. In an effort to prevent Defendant S&R from confirming the sheriff's sale, Mr. Martin had to retain an attorney and obtain a restraining order.

66. On or about November 21, 2008, Mr. Martin, by and through counsel, applied to the court for a restraining order to prevent any further steps by Defendants to confirm the execution sale.

67. On or about November 26, 2008, Mr. Martin brought a declaratory judgment action, against Defendants, the Cumberland County Sheriff, and the Cumberland County Clerk of Court seeking to have his rights under the exemption statute declared. In filing for declaratory judgment, Mr. Martin also sought injunctive relief to prevent confirmation of the November 12, 2008 sheriff's sale. The declaratory judgment action has since been voluntarily dismissed.

68. On or about November 26, 2008, Mr. Martin, by and through counsel, sought and received an

Page **8** of **13**

Case 5:09-cv-00480-D   Document 16   Filed 02/01/2010   Page 8 of 13

extension of the restraining order until the next civil session of district court on December 10, 2008.

69. Eventually, the underlying judgment was set aside for lack of subject matter jurisdiction and the exemption dispute between Mr. Martin and the Defendants pertaining to the sale of his home became moot.

70. Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Mr. Martin and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Mr. Martin or deliberately proceeded to act with indifference to the high probability of injury to Mr. Martin by executing on the Mr. Martin's lawfully exempted house when they knew or should have known the house was ordered by the court as exempt, and they continued with the execution sale, not once but twice.

71. Defendants knew or should have known it was illegal to execute on exempt property, but they went forward in an attempt to deprive Mr. Martin of his house illegally and by continuing with the proceedings and opposing Mr. Martin's efforts to unwind the sale, arguing vehemently that they had a right to execute when in fact and in law they did not.

72. Even after it was brought to their direct attention, Defendants adamantly continued in their efforts to confirm the unlawful sheriff's sale, only stopping when expressly directed by the District Court judge in a hotly contested proceeding in open court on December 10, 2008.

73. Mr. Martin suffered special damages by having to post a bond for $100.00 while a temporary restraining order was in place even though there was no legal right for Defendants to sell his house at Sheriff's sale.

74. Mr. Martin suffered special damages by way of attorney fees and court costs by having to retain an attorney and file a declaratory judgment action to secure his rights and prevent the confirmation of the sale of his lawfully exempted house.

Page **9** of **13**

Case 5:09-cv-00480-D    Document 16    Filed 02/01/2010    Page 9 of 13

75. During the time that he did not possess the $100.00 bond money, he was deprived of using his money for whatever he desired.

76. Additionally, Mr. Martin suffered special damages in the form of legal fees and court fees, capped at a discounted $10,000 for which he is still paying.

77. Eventually, the underlying judgment was set aside for lack of subject matter jurisdiction in that the clerk of court did not possess authority under N.C. R. Civ. P. 55 to render a Default Judgment against Mr. Martin and the exempt property dispute between Mr. Martin and the Defendants became moot.

78. Mr. Martin suffered anger, frustration, emotional distress, mental anguish, and distress and he incurred attorney's fees and other expenses as a direct and proximate result of Defendants' actions.

79. Defendant S&R's officers, directors, and/or managers participated in or condoned the representations made to the sheriff's office authorizing execution on Mr. Martin's exempt property.

80. It is unconscionable, unfair, abusive, and malicious to execute on exempt property that Defendants knew or should have known was exempt if Defendants had conducted the necessary research that Defendants failed to do.

81. Defendants' illegal collection efforts and torts are highly upsetting to Mr. Martin.

82. Mr. Martin has suffered actual damages as a result of the illegal collection activities and torts by these Defendants in the form of sleeplessness, anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as incurring legal fees and costs in defense of the state court action and in pursuing this action.

## **TRIAL BY JURY**

83. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US

Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq*.

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### COUNT II.

### 42 U.S.C. § 1983

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. By their actions, Defendant S&R have violated 42 U.S.C. § 1983.

### COUNT III.

### UNITED STATES CONSTITUTION

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. By their actions, Defendant S&R violated the due process clause of the United States Constitution found in Amendment XIV.

### COUNT IV.

### NORTH CAROLINA CONSTITUTION

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully

stated herein.

91. By their actions, Defendant S&R violated the due process clause of the North Carolina Constitution found in Article 1 Section 19.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant jointly and severally;

2. for an award of statutory damages of $1,000.00 from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant jointly and severally;

4. for general, special, and punitive damages in amount to be proved at trial from Defendant S&R;

5. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally;

6. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 1st day of February 2010.

MARTIN ATTORNEY AT LAW, PLLC

By: /s/Angela O. Martin
Angela O. Martin, Esq.
NC Bar 34951
Attorney for Plaintiff
Martin Attorney at Law, PLLC
1911 Keller Andrews Road
Sanford, North Carolina  27330
(919) 708-7477, FAX: (888) 872-4232
angela@angelamartinlaw.com

| | |
|---|---|
| **Jacob Martin, III** | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **Sessoms & Rogers, P.A.** | ) |
| **Unifund CCR Partners** | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I certify that on February 1, 2010, I electronically filed the foregoing Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Jeff Young
    Ellis & Winters LLP
    1100 Crescent Green Drive, Suite 200
    Cary, NC 27518
    jeff.young@elliswinters.com


Respectfully submitted this 1st day of February 2010,

                                    MARTIN ATTORNEY AT LAW, PLLC

                                    By: /s/Angela O. Martin
                                    Angela O. Martin, Esq.
                                    NC Bar 34951
                                    Attorney for Plaintiff
                                    Martin Attorney at Law, PLLC
                                    1911 Keller Andrews Road
                                    Sanford, North Carolina 27330
                                    (919) 708-7477, FAX: (888) 872-4232
                                    angela@angelamartinlaw.com